CONTI LAW
Alexander L. Conti, Bar No. 155945
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Tel:   (949) 791-8555
Fax:   (949) 791-8556
Email:  aconti@conti-law.com

Attorneys for Plaintiff
CHARTWELL STAFFING SERVICES INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTWELL STAFFING SERVICES INC., | Case No. 2:17-cv-4366 |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| SEREC, INC., SEREC OF CALIFORNIA, SEREC OF CALIFORNIA, INC. and DOES 1 – 10, inclusive, | **1. Breach of Written Contract**<br>**2. Breach of Written Contract**<br>**3. Breach of Oral Contract**<br>**4. Breach of Implied-in-Fact Contract**<br>**5. Common Count** |
| Defendants. | |

**COMPLAINT**

## SUMMARY OF THE CASE AND AMOUNT IN CONTROVERSY

Plaintiff Chartwell Staffing Services Inc. seeks to recover the principal sum of $131,698 in unpaid invoices from defendants, service charges authorized by contract and prejudgment interest.

## JURISDICTION AND PARTIES

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Plaintiff Chartwell Staffing Services Inc. ("CSS") is a New York corporation with its principal place of business in the State of Pennsylvania. CSS is authorized to do business and doing business in the State of California. CSS is in the business of providing temporary staffing services in exchange for fees.

3. Defendant Serec, Inc. is an Illinois corporation with its principal place of business located at 14652 W. Imperial Drive, Mettawa, Illinois. This defendant, on information and belief, operates a logistics and warehousing business in the City of Industry, State of California.

4. Defendant Serec of California is a California corporation with its principal place of business located at 15351 East Stafford Street, City of Industry, California. This defendant, on information and belief, operates a logistics and warehousing business in the City of Industry, State of California.

5. Defendant Serec of California, Inc. is an Illinois corporation with its principal place of business located at 901 South Second Street, Springfield, Illinois. This defendant, on information and belief, operates a logistics and warehousing business in the City of Industry, State of California.

6. Does 1 - 10, inclusive, are sued herein under fictitious names. Their true names and capacities are presently unknown to plaintiff, plaintiff is ignorant of the true names and capacities of defendants sued by fictitious names, and, such names are

fictitious. When said true names and capacities are ascertained, plaintiff will amend this complaint to show the true names and capacities of defendants DOES 1-10. Plaintiff is informed and believe and thereon allege that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and the damages sustained by plaintiff. Plaintiff is informed and believes and thereon allege that at all times relevant, each defendant, including the DOE defendants, were the agents, servants, employees, representatives, alter egos, co-conspirators, joint venturers, and/or aiders and abettors of each of the other defendants and in doing the things alleged herein were acting with the course and scope of their authority in such capacity and with the knowledge, consent, approval, and ratification of each of the other.

      7.    On information and belief, defendants are sister companies under common ownership and control. As such, some or all of defendants should be treated as one enterprise which should respond, as a whole, for the debts of any and all of the component elements of the single enterprise.

      8.    On information and belief, one or more of defendants – while purporting to be separate entities – are alter egos of one or more of the other defendants for the following reasons: (a) the commingling of funds and other assets and the failure to segregate funds of the separate defendants; (b) the holding out by one defendant as liable for the debts and obligations of another defendant; (c) the failure to maintain proper and adequate corporate records as well as the confusion of the records among the separate defendants; (d) the identical equitable ownership of the defendants; (e) the use of the same business location(s) and offices; (f) the use of the same employees; (g) the employment of the same attorneys; (h) the failure to adequately capitalize one or more of the defendants; (i) the use of the entities as shells, instrumentalities or conduits for a single venture or business; (j) the concealment or misrepresentation of the identity of the defendant responsible for payment; (k) the disregard of legal formalities and the failure to maintain arm's length relationships among the defendants; (l) the use of one defendant

-2-

**COMPLAINT**

to procure labor and services for another defendant; (m) the diversion of funds and assets from one defendant to another to the detriment of creditors; (n) the manipulation of assets and liabilities among the various defendants so as to concentrate the assets in one defendant and the liabilities in another defendant; (o) contracting among the defendants to avoid performance of payment obligations; and (p) the formation of entities to transfer existing liabilities of another entity.  As a result of the facts and circumstances surrounding defendants' operations there was and is a unity of ownership and interest such that defendants are not separate legal entities but are instead the same person or persons.  If the acts of the defendants are treated as separate an inequitable result will follow including, without limitation, defendants avoiding their liability to CSS through subterfuge.  As a result, the ends of justice require that the obligations of one, some or all of the defendants be recognized as the obligation of some or all of the other defendants.

## FIRST CAUSE OF ACTION

(Breach of Written Contract against all Defendants)

9.     CSS incorporates by reference paragraphs 1 through 8.

10.    CSS and defendants, on or about January 18, 2016, entered into a written services agreement for staffing services whereby CSS would provide temporary staff to defendants at their location in the City of Industry in exchange for fees.  A copy of the agreement is attached as exhibit "A" to this Complaint ("the Agreement").

11.    The Agreement states at paragraph 4 as follows:

(b) CSS will invoice Customer for services provided in accordance with this Agreement on a weekly basis. Invoices shall be accompanied by the pertinent timesheets. CSS certifies that the hours shown are correct as verified by Customer, and that the work was performed by its Employees at Customer. (c) Customer agrees to pay Net Upon Receipt of invoice. Failure of Customer to pay any amount due shall subject Customer to a service charge of one and one half (1 1/2) percent per month on the unpaid balance.

12. CSS, at the request of defendants, provided staffing services and invoiced defendants as set forth in the following invoice summary:

| Customer Name | Reference # | Reference Date | Total |
|---|---|---|---|
| SEREC INC | 3520066282 | 12/15/2016 | $14,897.28 |
| SEREC INC | 3520067438 | 12/21/2016 | $16,275.82 |
| SEREC INC | 3520069118 | 12/29/2016 | $13,389.42 |
| SEREC INC | 3520069350 | 01/04/2017 | $1,138.66 |
| SEREC INC | 3520069610 | 01/04/2017 | $11,031.72 |
| SEREC INC | 3520069611 | 01/04/2017 | $27.20 |
| SEREC INC | 3520071035 | 01/11/2017 | $10,403.27 |
| SEREC INC | 3520071680 | 01/17/2017 | $509.87 |
| SEREC INC | 3520072695 | 01/19/2017 | $13,569.91 |
| SEREC INC | 3520073592 | 01/25/2017 | $10,921.96 |
| SEREC INC | 3520074209 | 01/30/2017 | $579.75 |
| SEREC INC | 3520075004 | 02/01/2017 | $10,229.64 |
| SEREC INC | 3520076405 | 02/08/2017 | $10,001.88 |
| SEREC INC | 3520077798 | 02/15/2017 | $8,973.06 |
| SEREC INC | 3520078930 | 02/22/2017 | $8,562.36 |
| SEREC INC | 3520079934 | 02/27/2017 | $564.38 |
| SEREC INC | 3520080687 | 03/01/2017 | $511.78 |
| SEREC INC | 3520081695 | 03/08/2017 | $110.36 |
| | | | $131,698.32 |

13. The redacted invoices are attached collectively at exhibit "C" to this complaint.

14. CSS and defendants, as set forth above, entered into a valid and binding written contract whereby CSS would provide temporary staffing to defendants, at their request, and defendants would pay for the temporary staffing services provided.

15. CSS did all or substantially all of the significant things that the contract required it to do or CSS was excused from having to do all of the significant things that the contract required.

16. Defendants breached the contract (i) by failing to pay all of CSS's invoices when due; and (ii) by failing to pay all late fees when due.

17. CSS, as a direct result of defendants' breach, was harmed and suffered losses and damages including but not limited to the following: (i) unpaid invoices in the total amount of $131,698, and (ii) unpaid service charges, which are increasing, in the

-4-

**COMPLAINT**

amount of 1 1/2 percent per month (or 18% per annum) on the unpaid balances on each of the invoices.

18. The unpaid service charges due as of June 15, 2017 are in the following minimum amounts, or according to proof:

| Invoice # | Amount | Due Date (Net 30) | Days Aged (6-15-17) | Daily Service charge (18% per annum) | Total |
|---|---|---|---|---|---|
| 3520066282 | $14,897.28 | 01/14/17 | 152 | 7.34 | $1,115.00 |
| 3520067438 | $16,275.82 | 01/20/17 | 146 | 8.02 | $1,170.00 |
| 3520069118 | $13,389.42 | 01/28/17 | 138 | 6.60 | $910.00 |
| 3520036350 | $1,138.66 | 02/01/17 | 134 | .56 | $75.00 |
| 3520069610 | $11,031.72 | 02/01/17 | 134 | 5.43 | $727.00 |
| 3520069611 | $27.20 | 02/01/17 | 134 | .01 | $1.00 |
| 3520071035 | $10,403.27 | 02/10/17 | 125 | 5.13 | $641.00 |
| 3520071680 | $509.87 | 02/16/17 | 119 | .25 | $29.00 |
| 3520072695 | $13,569.91 | 02/18/17 | 117 | 6.69 | $782.00 |
| 3520073592 | $10,921.96 | 02/24/17 | 111 | 5.38 | $597.00 |
| 3520074209 | $579.75 | 03/01/17 | 106 | .28 | $29.00 |
| 3520075004 | $10,229.64 | 03/03/17 | 104 | 5.04 | $524.00 |
| 3520076405 | $10,001.88 | 03/10/17 | 97 | 4.93 | $478.00 |
| 3520077798 | $8,973.06 | 03/17/17 | 90 | 4.42 | $397.00 |
| 3520078930 | $8,562.36 | 03/24/17 | 82 | 4.22 | $346.00 |
| 3520079934 | $564.38 | 03/29/17 | 77 | .27 | $20.00 |
| 3520080687 | $511.78 | 03/31/17 | 75 | .25 | $18.00 |
| 3520081695 | $110.36 | 04/07/17 | 68 | .05 | $3.00 |
| **TOTAL** | **$131,698.32** | | | | $7,862.00 |

**COMPLAINT**

19.     CSS, in addition to and in the alternative, requests prejudgment interest at the legal rate of 10% per annum on the unpaid balance of the invoices from payment due date (set forth above in the "Due Date" column) to June 15, 2017 or in an amount according to proof.

## SECOND CAUSE OF ACTION

(Breach of Written Contract against all Defendants)

20.     CSS incorporates by reference paragraphs 1 through 8.

21.     CSS and defendants, on or about January 18, 2016, entered into a written services agreement for staffing services whereby CSS would provide temporary staff to defendants at their location in the City of Industry in exchange for fees. A copy of the agreement is attached as exhibit "B" to this Complaint ("the Agreement").

22.     The Agreement states at paragraph 4 as follows:

> (b) CSS will invoice Customer for services provided in accordance with this Agreement on a weekly basis. Invoices shall be accompanied by the pertinent timesheets. CSS certifies that the hours shown are correct as verified by Customer, and that the work was performed by its Employees at Customer. (c) Customer agrees to pay Net Upon Receipt of invoice. Failure of Customer to pay any amount due shall subject Customer to a service charge of one and one half (1 1/2) percent per month on the unpaid balance.

23.     CSS, at the request of defendants, provided staffing services and invoiced defendants as set forth in the following invoice summary:

(*Summary on next page.*)

| Customer Name | Reference # | Reference Date | Total |
|---|---|---|---|
| SEREC INC | 3520066282 | 12/15/2016 | $14,897.28 |
| SEREC INC | 3520067438 | 12/21/2016 | $16,275.82 |
| SEREC INC | 3520069118 | 12/29/2016 | $13,389.42 |
| SEREC INC | 3520069350 | 01/04/2017 | $1,138.66 |
| SEREC INC | 3520069610 | 01/04/2017 | $11,031.72 |
| SEREC INC | 3520069611 | 01/04/2017 | $27.20 |
| SEREC INC | 3520071035 | 01/11/2017 | $10,403.27 |
| SEREC INC | 3520071680 | 01/17/2017 | $509.87 |
| SEREC INC | 3520072695 | 01/19/2017 | $13,569.91 |
| SEREC INC | 3520073592 | 01/25/2017 | $10,921.96 |
| SEREC INC | 3520074209 | 01/30/2017 | $579.75 |
| SEREC INC | 3520075004 | 02/01/2017 | $10,229.64 |
| SEREC INC | 3520076405 | 02/08/2017 | $10,001.88 |
| SEREC INC | 3520077798 | 02/15/2017 | $8,973.06 |
| SEREC INC | 3520078930 | 02/22/2017 | $8,562.36 |
| SEREC INC | 3520079934 | 02/27/2017 | $564.38 |
| SEREC INC | 3520080687 | 03/01/2017 | $511.78 |
| SEREC INC | 3520081695 | 03/08/2017 | $110.36 |
| | | | $131,698.32 |

24. The redacted invoices are attached collectively at exhibit "C" to this complaint.

25. CSS and defendants, as set forth above, entered into a valid and binding written contract whereby CSS would provide temporary staffing to defendants, at their request, and defendants would pay for the temporary staffing services provided.

26. CSS did all or substantially all of the significant things that the contract required it to do or CSS was excused from having to do all of the significant things that the contract required.

27. Defendants breached the contract (i) by failing to pay all of CSS's invoices when due; and (ii) by failing to pay all late fees when due.

28. CSS, as a direct result of defendants' breach, was harmed and suffered losses and damages including but not limited to the following: (i) unpaid invoices in the total amount of $131,698, and (ii) unpaid service charges, which are increasing, in the amount of 1 1/2 percent per month (or 18% per annum) on the unpaid balances on each of the invoices.

29. The unpaid service charges due as of June 15, 2017 are in the following minimum amounts, or according to proof:

| Invoice # | Amount | Due Date (Net 30) | Days Aged (6-15-17) | Daily Service charge (18% per annum) | Total |
|---|---|---|---|---|---|
| 3520066282 | $14,897.28 | 01/14/17 | 152 | 7.34 | $1,115.00 |
| 3520067438 | $16,275.82 | 01/20/17 | 146 | 8.02 | $1,170.00 |
| 3520069118 | $13,389.42 | 01/28/17 | 138 | 6.60 | $910.00 |
| 3520036350 | $1,138.66 | 02/01/17 | 134 | .56 | $75.00 |
| 3520069610 | $11,031.72 | 02/01/17 | 134 | 5.43 | $727.00 |
| 3520069611 | $27.20 | 02/01/17 | 134 | .01 | $1.00 |
| 3520071035 | $10,403.27 | 02/10/17 | 125 | 5.13 | $641.00 |
| 3520071680 | $509.87 | 02/16/17 | 119 | .25 | $29.00 |
| 3520072695 | $13,569.91 | 02/18/17 | 117 | 6.69 | $782.00 |
| 3520073592 | $10,921.96 | 02/24/17 | 111 | 5.38 | $597.00 |
| 3520074209 | $579.75 | 03/01/17 | 106 | .28 | $29.00 |
| 3520075004 | $10,229.64 | 03/03/17 | 104 | 5.04 | $524.00 |
| 3520076405 | $10,001.88 | 03/10/17 | 97 | 4.93 | $478.00 |
| 3520077798 | $8,973.06 | 03/17/17 | 90 | 4.42 | $397.00 |
| 3520078930 | $8,562.36 | 03/24/17 | 82 | 4.22 | $346.00 |
| 3520079934 | $564.38 | 03/29/17 | 77 | .27 | $20.00 |
| 3520080687 | $511.78 | 03/31/17 | 75 | .25 | $18.00 |
| 3520081695 | $110,36 | 04/07/17 | 68 | .05 | $3.00 |
| **TOTAL** | **$131,698.32** | | | | $7,862.00 |

30. CSS, in addition to and in the alternative, requests prejudgment interest at the legal rate of 10% per annum on the unpaid balance of the invoices from payment due date (set forth above in the "Due Date" column) to June 15, 2017 or in an amount according to proof.

## THIRD CAUSE OF ACTION

(Breach of Oral Contract against all Defendants)

31. CSS incorporates by reference paragraphs 1 through 8 as set forth above.

32. CSS, at the request of defendants, began providing temporary staffing services to defendants in exchange for fees beginning in January 2016.

33. CSS and defendants, in the alternative, entered into an oral agreement for staffing services whereby CSS would provide temporary staff to defendants at their location in the City of Industry in exchange for fees.

34. CSS did all or substantially all of the significant things that the contract required it to do, including sending the invoices attached as exhibit "C" to defendants, or CSS was excused from having to do all of the significant things that the contract required.

35. Defendants breached the contract by failing to pay all of CSS's invoices, attached as exhibit "C", when due.

36. CSS, as a direct result of defendants' breach, was harmed and suffered losses and damages in the amount of $131,698 in unpaid invoices.

37. CSS, in addition to and in the alternative, requests prejudgment interest at the legal rate of 10% per annum on the unpaid balance of the invoices from payment due date (set forth above in the "Due Date" column) to June 15, 2017 in an amount according to proof.

## FOURTH CAUSE OF ACTION

(Breach of Implied-in-Fact Contract – Quantum Meruit- against all Defendants)

38. CSS incorporates by reference paragraphs 1 through 8 as set forth above.

39. CSS, at the request of defendants, began providing temporary staffing services to defendants in exchange for fees beginning in January 2016.

40. CSS and defendants, in the alternative, through their conduct, situation and mutual relations manifested the intent to enter into a contract whereby CSS would provide temporary staffing services to defendants and defendants would pay for these services, which defendants did for a period of time.

41. CSS did all or substantially all of the significant things that it was required it to do, including sending the invoices attached as exhibit "C" to defendants, or CSS was excused from having to do all of the significant things that it was required to do. In addition, CSS reasonably expected that defendants would compensate CSS for the temporary staffing services it provided.

42. Defendants breached the implied-in-fact contract by failing to pay all of CSS's invoices, attached as exhibit "C", when due. Moreover, it would be unjust to allow defendants to retain the benefit of the temporary staffing services it received without compensating CSS.

43. CSS, as a direct result of defendants conduct and breach of the implied-in-fact contract, was harmed and suffered losses and damages in the amount of $131,698 in unpaid invoices.

44. CSS, in addition to and in the alternative, requests prejudgment interest at the legal rate of 10% per annum on the unpaid balance of the invoices from payment due date (set forth above in the "Due Date" column) to June 15, 2017 or in an amount according to proof.

## FIFTH CAUSE OF ACTION

(Common Count for Services Rendered against all Defendants)

45. CSS incorporates by reference paragraphs 1 through 8 as set forth above.

46. CSS, at the request of defendants, began providing temporary staffing services to defendants in exchange for fees beginning around January 2016.

47. Within the last two years defendants became indebted to CSS for work, labor and services rendered at the special instance and request of defendants in connection with the operation of its business as reflected in the redacted invoices attached as exhibit C.

48. Despite CSS's demand defendants have as refused to pay the invoices totaling $131,698.

49. CSS has been damaged in the minimum amount of $131,698 in unpaid invoices.

50. CSS, in addition to and in the alternative, requests prejudgment interest at the legal rate of 10% per annum on the unpaid balance of the invoices from payment due date (set forth above in the "Due Date" column) to June 15, 2017 or in an amount according to proof.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment in its favor and against defendants as follows:

1. For compensatory damages in the amount of $131,698;
2. In connection with the first and second cause of action, for service charges in an amount of $7,862.00 or according to proof;
3. For prejudgment interest on the sum of $131,698 at the rate of 10% per annum in an amount according to proof;
4. For an order, judgment and decree that defendants are a single enterprise and/or alter egos of one another;
5. For costs of suit; and
6. For such other and further relief as the Court may deem just and proper.

-11-

**COMPLAINT**

| | |
|---|---|
| Dated: June 12, 2017 | CONTI LAW<br><br>By:/s/ _____<br>Alexander L. Conti<br>Attorneys for Plaintiff<br>CHARTWELL STAFFING SERVICES INC. |

-12-

**COMPLAINT**